(No. 97-CV-0010—)

*In re* APPLICATION OF JEANETTE WINE

*Order filed September 29, 2000.*

JEANETTE WINE, *pro se*.

JIM E. RYAN, Attorney General (RONALD G. STRADT & LORI CRENSHAW, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause comes on to be heard on the Claimant's request for hearing filed after our May 6, 1998, order denying

the claim for compensation after a shooting, on the ground that the Claimant had engaged in conduct that contributed to her injury to such an extent as to warrant the denial of the claim.

The Court finds:

1. Pursuant to Claimant's request for hearing, the hearing was held on May 7, 1999. The Claimant did not appear but was present through her mother, Ernestine Wine, and her aunt, Faye We. The Commissioner was advised that the Claimant could not appear due to her physical condition and that she was in a nursing home unable to attend the hearing.

Claimant's aunt was called to testify but denied that she had anything to say and was accompanying Claimant's mother for "moral support." Claimant's mother testified that denial of her daughter's benefits was predicated in part on her conduct as a prostitute, and that there was no proof of that. She testified that her daughter lived in Chicago and she lived in Mississippi, but that as far as the mother knew, the daughter was not a prostitute. It was further the position of the mother that the theft of an electronic pager was not sufficient to justify the injury to her daughter and that, in any event, no electronic pager was found in her daughter's possession after the shooting.

2. The Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*) provides that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. The investigation revealed that the victim had been paid by the alleged offender to engage in a sexual act

and that, following the act, the victim stole the alleged offender's electronic pager and fled from the offender's automobile. He pursued the victim, and during the pursuit shot the victim. The evidence clearly establishes that the victim's injury arose as a result of her conduct in performing an illegal sex act, and then theft. Her conduct provoked or contributed to her injury.

4. The statute gives us no choice but to deny the claim.

It is therefore ordered, adjudged and decreed that the Claim be, and is hereby, dismissed.